UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

GEORGE COLE,

    Plaintiff,

-vs-

FES a/k/a VRTECH, LLC, a Michigan
limited liability company, MICHAEL TOLOFF, an
individual and PARIMAL M. NAIK, an individual,
jointly and severally,

    Defendants.

Case No.

Hon.

---

BATEY LAW FIRM, PLLC
Scott P. Batey (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Tel: (248) 540-6800
Fax: (248) 540-6801
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, George Cole, (hereinafter "Plaintiff"), by and through his attorneys Scott P. Batey and Batey Law Firm, PLLC, and for his Complaint against Defendants, states as follows:

1.    Plaintiff, George Cole, is a resident of the City of Atlanta, County of Fulton, State of Georgia.

2.    Defendant, FES a/k/a VR Tech, LLC, ("VR Tech" or "company") is a Michigan limited liability company whose resident agent is Michael Toloff and whose registered office is located at 37735 Enterprise Court, Suite 600, Farmington Hills, Michigan and is duly authorized to do business in the State of Michigan.

3. Upon information and belief Defendant, Michael Toloff ("Toloff") is a resident of the State of Michigan.

4. Upon information and belief Defendant, Parimal Naik ("Naik") is a resident of the State of Michigan.

5. The amount in controversy exceeds $100,000.00 and is otherwise within the Jurisdiction of this Court.

6. The Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1332.

7. The events producing the original injury occurred in Oakland County, Michigan.

8. Plaintiff also brings this action for damages stemming from the acts and/or omissions of Defendants constituting breach of contract, retaliation and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Michigan Whistle-Blowers Protection Act, MCLA 15.362, *et seq.*, which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10. In June 2003 Plaintiff, George Cole, a resident of the State of Georgia, was approached by Defendants, Toloff and Naik, about starting a new company to engage in credit repair.

11. Defendants, Toloff and Naik promised Plaintiff that in consideration of Plaintiff starting the business with Defendants, Defendants would give him a one-third ownership in the company.

12. Defendants, who had worked with Plaintiff previously, wanted Plaintiff to build a multi-level marketing company, Defendant, VR Tech, that would provide credit restoration services to its customers.

13. Plaintiff, who was named President of VR Tech and the other representatives recruited into VR Tech were to be paid commissions for the representatives they recruited into the company and the credit restoration services provided.

14. Plaintiff began his employment with Defendant, VR Tech in June 2003.

15. During his employment with Defendant VR Tech Plaintiff was given the title of President and paid commissions for recruiting agents and for any credit restoration one of his agents sold and for recruiting an agent to the company.

16. Specifically, Plaintiff was paid $20 per sale for credit restoration and weekly payments for agent recruitment whereby he was paid $25 per new recruit.

17. Plaintiff was responsible for recruiting 100 percent of the VR Tech sales force accounting for 100 percent of Defendant, VR Tech's revenue.

18. For June 2003 until March 2008 VR Tech paid Plaintiff the commissions as described above in accordance with their agreement, but failed to provide him with one-third ownership in the company.

19. Beginning in March 2008 Defendants began to refuse to pay Plaintiff all of his earned commissions and began to wrongfully deduct $1,000.00 per week.

20. Plaintiff continued to complain to Defendants that they were not paying him accordance with their agreement.

21. In March 2008 Defendants demoted Plaintiff to the position of representative in retaliation for his complaining that they were not paying him in accordance with their agreement and for refusing to engage in unethical behavior.

22. On or about February 2, 2010 Plaintiff testified against Defendants by way of Affidavit in legal proceedings in which Defendants were parties.

23. On March 25, 2010 Defendants terminated Plaintiff in retaliation to his signing the above mentioned Affidavit.

24. During the time period in question, Defendant, VR Tech was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Michigan Whistle-Blowers Protection Act, MCLA 15.362, *et seq*., Moreover, Defendant, VR Tech is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

25. Defendant, VR TechIndustries through its agents, representatives and employees, was predisposed to retaliate against, harass, discriminate and terminate on the basis of his testifying that Defendants had violated the laws against racial discrimination and acted in accordance with that predisposition

26. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## BREACH OF CONTRACT

27. Plaintiff incorporates by reference paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. In June 2003 Plaintiff, George Cole, a resident of the State of Georgia, was approached by Defendants, Toloff and Naik, about starting a multi-level marketing company to perform credit repair services.

29. Defendants, Toloff and Naik promised Plaintiff that in consideration of Plaintiff starting the business with Defendants and building the business for Defendants, Defendants would give him a one-third ownership in the company and pay commissions

4

based on the number of representatives recruited to the company and the number credit restorations the company performed.

30. Plaintiff began his employment with Defendant, VR Tech in June 2003.

31. Plaintiff was given the title of President and paid commissions for recruiting agents and for any credit restoration one of his agents sold and for recruiting an agent to the company.

32. Pursuant to his agreement with Defendants, Plaintiff was paid $20 per sale for credit restoration and weekly payments for agent recruitment whereby he was paid $25 per new recruit.

33. For June 2003 until March 2008 VR Tech paid Plaintiff the commissions as described above in accordance with their agreement, but failed to provide him with one-third ownership in the company.

34. Beginning in March 2008 Defendants began to refuse to pay Plaintiff all of his earned commissions and began to wrongfully deduct $1,000.00 per week.

35. Plaintiff has repeatedly demanded that Defendants pay him for all past due commissions, by Defendants have refused.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $100,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

### COUNT II
### VIOLATIONS OF THE MICHIGAN SALES REPRESENTATIVE COMMISSION ACT §600.2961(4), et. seq.,

36. Plaintiff incorporates by reference paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. The Michigan Sales Representative Commission Act, MCLA §600.2961(4), et. seq., provides that all commissions that are due at the termination of a contract between a sales representative and principal shall be paid within 45 days after the date of termination.

38. MCLA §600.2961(5)(b) provides that if a principal intentionally fails to pay the commission when due, the principal is liable to the sales representative for an amount equal to two times the amount of the commission due but not paid or damages in the amount of $100,000, as well as providing for an award of attorneys fees and costs.

39. Plaintiff procured sales on behalf of Defendants which have not been paid outstanding commissions on sales made on behalf of Plaintiff/Counter-Defendant.

40. Plaintiff has a claim under MCLA Sec. 600.2961, since he procured sales on behalf Defendants as his principal and Defendants have benefited from these sales.

41. To date, Defendants have failed to provide an accounting of commissions due or owing to Plaintiff upon the termination of his employment.

42. As a result of Defendants' failure to pay commissions when due, Defendants are in violation of the Michigan Sales Representative Commission Act and has caused Plaintiff to sustain damages thereunder in an amount in excess of $100,000.00.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $100,000.00, plus exemplary damages, statutory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF MCL 15.362 WHISTLE-BLOWERS PROTECTION ACT

43. Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. On or about February 2, 2010 Plaintiff testified against Defendants by way of affidavit in matters pending before the Wayne County Circuit Court.

45. Pursuant to the Whistle-Blowers Protection Act, MCLA 15.362, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment by his employer and/or supervisors based upon his testifying against Defendants/employer in matters pending before the Wayne County Circuit Court and for violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of this state.

46. Plaintiff's testifying against Defendants in matters pending before the Wayne County Circuit Court and for violations and/or suspected violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of the government was a factor in Defendants' employment decisions.

47. Defendants were employers within the meaning of the Whistle-Blowers Protection Act, MCLA 15.362, *et seq*.

48. Plaintiff was subject to repeated and continuous adverse employment decisions and discriminatory treatment based upon his testifying against Defendants/employer in matters pending before the Wayne County Circuit Court and for violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of this state to the point where his status as an employee was terminated.

49. Plaintiff, George Cole, is entitled to exemplary and compensatory damages pursuant to the Whistle-Blowers Protection Act as a result of each and every violation of the act, including costs and reasonable attorneys fees.

50. Defendants breached and violated its duty owed to Plaintiff, by reason of the following acts and/or omissions:

7

    a. Violating the laws against discrimination by engaging in Whistle-blowers discrimination in the workplace, and discriminating against Plaintiff based upon his reporting violations and/or suspected violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of this state;

    b. Using its position of authority and trust knowing that its employees, agents and/or representatives had a propensity and unfitness to serve in the capacity as a superior;

    c. Failing to refrain from imposing discipline based on the reporting of violations and/or suspected violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of this state;

    d. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful, and

    e. Preventing Plaintiff from having full and fair opportunities to advance in his position and/or full and fair opportunities for equal treatment, based on her reporting violations and/or suspected violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of this state.

51.     Defendants owed Plaintiff, a duty to adequately advise, train and otherwise inform its employees to refrain from discriminating against employees who report violations and/or suspected violations of laws, regulations and/or rules promulgated pursuant to the law this state or a political division of the government

52.     Defendant breached and violated its duty owed to Plaintiff by reason of the following acts and/or omissions:

    a)     Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination and retaliation in the workplace;

    b)     Giving supervisory authority to persons who were known to have propensities as would make them

8

     unfit to serve in the capacity of supervisor over employees protected by the Whistle-blowers Protection Act;

 c) Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

 d) Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

 e) Engaging in discriminatory and retaliatory acts against Plaintiff as a result of the complaints made by Plaintiff regarding her supervisor's discriminatory treatment of him.

53. As a direct and proximate result of the actions of the Defendants and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of the Defendants to the point where Plaintiff was terminated.

54. As a proximate result of the discriminatory conduct by Defendants failure to take remedial action against the discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

 a. lost wages;

 b. mental anguish;

 c. fright;

 d. shock;

 e. embarrassment;

 f. humiliation;

 g. mortification;

 h. outrage;

 i. anxiety;

 j. emotional distress;

 k. loss of self-esteem;

    l.   loss of earnings and other employment benefits; and

    m.  a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against, Defendants in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION/WRONGFUL TERMINATION

55.    Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully set forth herein.

56.    Plaintiff engaged in the protected activity of truthfully testifying in a case pending before the Wayne Circuit Court by way of Affidavit.

57.    Defendants knew that Plaintiff was engaging in a protected activity.

58.    As a direct result of Plaintiff engaging in the above-referenced protected activity, Defendants and its employees retaliated against Plaintiff.

59.    Defendant VR Tech, its owners, officers, directors, employees, agents, servants, management, staff and contractors and specifically Defendants, Toloff and Naik, have engaged in abusive, hostile and threatening treatment towards the Plaintiff in retaliation of his exercising his legal right to truthfully testify in a legal proceeding.

60.    Defendant VR Tech, its employees, agents, servants, management, staff and contractors and specifically Defendants, Toloff and Naik, terminated Plaintiff in retaliation of his exercising his legal right to testify in a Court of law.

61.    Because of the unlawful conduct of Defendants, and as a proximate result of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment,

outrage, mental anguish and anxiety, emotional distress, loss of self esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $100,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT V
## VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT –"RICO" 18 U.S.C.A. §§ 1961, *et seq.*

62. Plaintiff incorporates by referenced paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. Defendants engaged in a pattern of racketeering activity including in engaging in the enterprise of making fraudulent and untrue promises in effort to deceive Plaintiff and convince Plaintiff into starting and building a multi-level marketing company for Defendants in exchange for commissions and one-third ownership in the company.

64. Defendants were engaged in an enterprise that operated in and/or affected interstate commerce.

65. Defendants used the United States Mail Service, telephone lines, facsimile machines, e-mail and other wire means to disseminate false and fraudulent information and engaged in a pattern of racketeering activity to other states including the State of Michigan thereby affecting interstate commerce.

66. Defendants falsely and fraudulently promised that if Plaintiff started and built a multi-level marketing company for Defendants Plaintiff would be paid commissions and receive one-third ownership in the company

67. At the time Defendants made these promises through its, agents, employees and/or servant Defendants knew that the promises were false and that Defendants would not pay Plaintiff all of his commissions and would not provide him with one-third ownership in the company.

68. Plaintiff started and built a multi-level marketing company for Defendants in accordance with their agreement.

69. Defendants refused to pay Plaintiff all of his commissions and would not provide him with one-third ownership in the company

70. Defendants received money from this pattern of racketeering activity.

71. Defendants' illegal and fraudulent activities affected interstate commerce.

72. As a direct and proximate result of Defendants' fraud, deceit and illegally obtaining from Plaintiff, Plaintiff was injured as a result of the investment of the racketeering income.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $100,000.00 plus treble damages and attorney fees as provided by the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C.A. §§1961, *et seq,* together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT VI
## FRAUD AND MISREPRESENTATION

73. Plaintiff incorporates by referenced paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. Defendants engaged in a pattern of racketeering activity including in engaging in the enterprise of making fraudulent and untrue promises in effort to deceive Plaintiff and convince Plaintiff into starting and building a multi-level marketing company for Defendants in exchange for commissions and one-third ownership in the company.

75. Defendants falsely and fraudulently promised that if Plaintiff started and built a multi-level marketing company for Defendants Plaintiff would be paid commissions and receive one-third ownership in the company

12

76. At the time Defendants made these promises through its, agents, employees and/or servant Defendants knew that the promises were false and that Defendants would not pay Plaintiff all of his commissions and would not provide him with one-third ownership in the company.

77. Plaintiff started and built a multi-level marketing company for Defendants in accordance with their agreement.

78. Defendants refused to pay Plaintiff all of his commissions and would not provide him with one-third ownership in the company

79. As a direct and proximate result of Defendants' fraud, deceit and illegally obtaining from Plaintiff, Plaintiff was injured as a result of the fraud and misrepresentation.

          Respectfully submitted,

          **BATEY LAW FIRM, PLLC**

          By: /s/Scott P. Batey
              SCOTT P. BATEY (P54711)
              Attorney for Plaintiff
              30200 Telegraph Road, Suite 400
              Bingham Farms, Michigan 48025
              Tel: (248) 540-6800
              Fax: (248) 540-6801
              sbatey@bateylaw.com

Dated: May 21, 2010

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, George Cole, by and through his attorney, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                                Respectfully submitted,

                                **BATEY LAW FIRM, PLLC**

By:   /s/Scott P. Batey
       SCOTT P. BATEY (P54711)
       Attorney for Plaintiff
       30200 Telegraph Road, Suite 400
       Bingham Farms, Michigan 48025
       Tel: (248) 540-6800
       Fax: (248) 540-6801
       sbatey@bateylaw.com

Dated: May 21, 2010