UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE COLE,

    Plaintiff,

vs.                                                    Case No. 10-12041

FES a/k/a VRTECH, LLC, a Michigan        HON. AVERN COHN
limited liability company, MICHAEL
TOLOFF, an individual, and PARIMAL M.
NAIK, an individual, jointly and severally,

    Defendants.
_____/

# MEMORANDUM AND ORDER
# GRANTING DEFENDANTS' MOTION COMPEL ARBITRATION
# AND
# STAYING THE CASE PENDING ARBITRATION

I. Introduction

This is a business dispute. Plaintiff George Cole is suing defendants FES a/k/a VR Tech, Michael Toloff, and Parimal Naik claiming (1) breach of contract, (2) violation of Michigan Sales Representative Commission Act, M.C.L. § 600.2961 (3) violation of Whistleblowers Protection Act (WPA), M.C.L. § 15.362, (4) retaliation/wrongful termination, (5) violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, and (5) fraud and misrepresentation. As will be explained, plaintiff's claims arise out of a business relationship between the parties in forming a marketing company that would provide credit restoration services. The relationship soured when defendants allegedly stopped paying him commissions he believed due and owing.

Before the Court is defendants' Motion to Dismiss, Compel Arbitration and/or Administratively Closing Case. Defendants say that plaintiff's claims arise out of the parties' Independent Sale Agent Agreement which contains a binding arbitration clause requiring a dismissal or stay of this case compelling arbitration. For the reasons that follow, the motion will be granted and the case will be stayed pending arbitration.

II. Background

The relevant facts as gleaned from the complaint and the parties' papers follow.

In June 2003, Cole was approached by defendants Toloff and Naik about starting a new company to engage in credit repair. Cole says that Toloff and Naik promised him a one-third ownership in the company. Toloff and Naik wanted Cole to help build a "multi-level marketing company" to provide credit restoration services. The company ultimately became VR Tech. Cole started his employment in June of 2003 as President. Cole was paid commissions for recruiting agents, for any credit restoration one of his agents sold, and for recruiting an agent to the company. Specifically, Cole states that he was paid $20 per sale for credit restoration and weekly payments for agent recruitment whereby he was paid $25 per new recruit. Cole also says that he was responsible for recruiting 100 percent of the VR Tech sales force, accounting for 100 percent of VR Tech's revenue. Cole says that between June 2003 and March 2008, VR Tech paid him the commissions that he claims he was due but failed to provide him with one-third ownership in the company. Then, beginning in March 2008, defendants refused to pay him all of the commissions he claims he was due and improperly deducted $1000.00 per week.

In March 2008, Cole says defendants "demoted" him to the position of

2

representative in retaliation for his complaining that they were not paying him in accordance with their agreement and for "refusing to engage in unethical behavior."

On March 11, 2009, the parties entered into an Independent Sales Commission Agreement (ISCA) which provides for the arbitration of all disputes between the parties. The ISCA provides in part:

> Mediation of Controversies. If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree to submit the dispute for arbitration administered by the American Arbitration Association in accordance with the provisions of its Commercial Arbitration Rules. All arbitration proceedings shall be brought exclusively before a chapter of the American Arbitration Association in Oakland County, Michigan or as close thereto as may be had.

Cole also says that on or about February 2, 2010, he testified against defendants in an affidavit "in matters pending in Wayne County Circuit Court." On March 25, 2010, he was terminated in retaliation to his signing this affidavit.

Cole then sued defendants in federal court on the basis of diversity jurisdiction.

### III. Analysis

As an initial matter, Cole says that the Federal Arbitration Act (FAA) does not apply to this case; therefore, none of the case law under the FAA defendants rely on is applicable. This argument is misguided. Although paragraph 9 of the ISCA states in part that the "rights and obligations of the parties will be construed and enforced in accordance with, and governed by, the laws of the State of Michigan," that paragraph is directed at the law which determines the substantive rights of the parties, not the forum. Paragraph 8, set forth above, governs the forum in which the parties are to settle their dispute, which is arbitration. These provisions stand alone. Because the arbitration provision refers to the American Arbitration Association and the Commercial Arbitration

Rules, this is sufficient to invoke the FAA. As explained in defendants' brief, federal law requires arbitration in the face of a valid arbitration clause.

Even assuming that Michigan law applied, Cole argues that the arbitration provision is not enforceable because it does not comply with the Michigan Arbitration Act, M.C.L. § 600.5001, et seq. (MAA)[1] Cole says that under Michigan law, a statutory arbitration agreement must contain language that "it is agreed that a judgment of any circuit court may be rendered upon the award made pursuant to such agreement." Because the parties' arbitration agreement does not include this language, Cole says he is not bound to arbitrate his dispute.

This argument lacks merit. The Michigan Court of Appeals has held that an arbitration clause which incorporates by reference the American Arbitration Rules is sufficient to comply with the MAA. Specifically, in Hetrick v. Friedman, 237 Mich.App. 264, 269 (1999), the Michigan Court of Appeals held that the arbitration clause which included a provision for a judgment on the arbitration award to be entered in a court having jurisdiction because the arbitration agreement incorporated the AAA rules by reference and, therefore, the arbitration agreement was a statutory arbitration

---

[1] A statutory arbitration agreement is one that contains the requirements set forth in the MAA. Wold Architects & Engineers v. Strat, 474 Mich. 223, 230. The MAA requires that the agreement be in writing and confer jurisdiction upon any circuit court to enter a judgment based on the arbitration award. Mich. Comp. LAWS 600.5001(1). If the parties' agreement does not comport with the requirements of the MAA, it is a common law arbitration agreement. Wold, 474 Mich. at 231. An agreement for statutory arbitration pursuant to the MAA, is valid, enforceable, and irrevocable except upon grounds that justify the rescission or revocation of any contract. Id. at 230. In contrast, common-law arbitration agreements are unilaterally revocable before an arbitration award is made. Id. at 231.

agreement.  Similarly, in <u>Joba Const. Co., Inc., v. Monroe County Drain Com'r</u>., 150 Mich. App. 173, 178 (1986), the court of appeals acknowledged, without discussion, that an arbitration agreement that incorporated the AAA rules had the "necessary language to bring this matter within statutory arbitration."  Also, in an unpublished 1998 decision, the Michigan Court of Appeals ruled that incorporating the AAA rules by reference was sufficient to create a statutory arbitration agreement.  <u>Woodworth, Inc. v. Five Pointes Const., Inc.</u>, 1998 WL 1989560 (Mich. App.1998).  <u>See also</u> <u>International Millennium Consultants, Inc. v. Taycom</u>, 2008 WL 5235994 (E.D. Mich. Dec. 15, 2008) (holding that arbitration agreement which incorporated AAA rules was valid under MAA).

Cole, however, says the fact that the arbitration clause says that the arbitration shall be conducted "in accordance with the provisions of the Commercial Arbitration Rules" instead of saying that arbitration shall be "governed" by arbitration rules means that the arbitration agreement falls outside of the lines of cases cited above.  Cole is again mistaken.  There is no distinct difference between language saying that arbitration shall be "conducted in accordance with" arbitration rules and language saying that a dispute shall be "governed" by arbitration rules.  Indeed, the arbitration agreement specifically references the Commercial Arbitration Rules.  AAA's Commercial Arbitration Rule 48(c) provides: "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction."  Thus, assuming the agreement is governed by Michigan law, it is valid under the MAA.

Finally, Cole says that with the exception of his WPA claim, all of his claims are based on wrongful conduct that predated the March 11, 2009 agreement, and therefore

are not subject to arbitration. Cole cites no authority for this argument. Moreover, the ISCA contains a merger clause in paragraph 8 which states in part that "[t]his Agreement contains the entire agreement between the parties and supersedes any and all other agreements, written or oral, express or implied, pertaining to the subject matter..."

Even assuming there was an issue as to whether Cole's claims were subject to the arbitration provision, Michigan law, much like federal law interpreting the FAA, provides that conflicts in whether a dispute is governed by an arbitration clause should be resolved in favor of arbitration. See Rooyakker & Sitz, PLLC v. Plante & Moran, 276 Mich. App. 146, 163 (2007). The arbitration clause says that "if a dispute arises out of or relates to this contract, or the breach thereof" is subject to arbitration. Given this broad language, Cole's claims, all of which arise out of his employment relationship with VR Tech, can be said relate to the ISCA. Moreover, the fact that Cole is suing Toloff and Naik individually and the ISCA was signed between Cole and VR Tech is of no moment. First, Toloff and Naik are alleged to be agents of VR Tech and Cole's claims against them are intertwined with his employment relationship as expressed in the ISCA. Second, claims against non-signatories to an arbitration agreement can still be subject to arbitration. See Rooyakker, 276 Mich. App. at 163; City of Detroit Police & Fire Ret. Sys. v. GSC Partners CDO Fund, Ltd., 2010 WL 1875758, *7 (Mich. App. May 11, 2010) (noting that plaintiff's allegations against the non-signatories were "intimately founded in and intertwined with the obligations imposed by" the agreement containing the arbitration clause). Further, Michigan courts clearly favor keeping all issues in a single forum. Detroit Automobile Inter-Ins Exch. v. Reck, 90 Mich. App. 286, 289 (1979)

(noting a strong public policy in Michigan in favor of arbitration as a single, expeditious means of resolving disputes, and that the policy in favor of this expeditious alternative to the judicial system is thwarted if all disputed issues in an arbitration proceeding must be segregated into arbitrable and nonarbitrable categories).

Finally, the Court finds that a stay, rather than a dismissal, is appropriate. See 9 U.S.C. § 3, International Millennium Consultants, Inc. v. Taycom, 2008 WL 5235994 (E.D. Mich. Dec. 15, 2008) (staying case pending arbitration under the MAA); Fazio v. Lehman Bros., Inc., 340 F.3d 386, 392 (6th Cir. 2003).

## IV. Conclusion

For the reasons stated above, defendants' motion is GRANTED. This case is STAYED pending arbitration.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: September 13, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 13, 2010, by electronic and/or ordinary mail.

    S/Shawntel Jackson
    Relief Case Manager, (313) 234-5160